# IN THE COURT OF APPEALS OF IOWA

No. 21-0846
Filed May 11, 2022

**ESTATE OF HERBERT KNOP,**
        Plaintiff-Appellant,

**vs.**

**MERCY HEALTH SERVICES IOWA CORP, d/b/a MERCY MEDICAL CENTER-SIOUX CITY,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott,

Judge.


        The Estate of Herbert Knop appeals the summary judgment ruling

dismissing its claim of medical negligence. **AFFIRMED.**


        Thomp J. Pattermann of Law Office of Gallner & Pattermann, P.C., Council

Bluffs, for appellant.

        Frederick T. Harris and Dana N. Livingston (until withdrawal) of Lamson

Dugan & Murray LLP, West Des Moines, for appellee.


        Considered by Bower, C.J., Vaitheswaran, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**BOWER, Chief Judge.**

The Estate of Herbert Knop appeals the dismissal of its claim against Mercy Health Services Iowa Corp. Because a certificate of merit affidavit was necessary to establish the Estate's prima facie medical negligence injury claim against a healthcare provider and was not provided, we affirm.

**I. Background Facts & Proceedings.**

In late August 2017, Herbert Knop was a patient at Mercy. Knop's IV tubing became entangled when he was in the radiology department; the IV was pulled out of his arm, resulting in skin tearing. In September, Knop died from causes unrelated to this incident.

In May 2019, the Estate filed suit against Mercy, claiming negligence by Mercy personnel caused the injury to Knop. Mercy filed its answer on July 3, asserting the claim should be governed by Iowa Code chapter 668 (2017 Supp.) (liability in tort) and Iowa Code section 147.136 (scope of recovery in health malpractice). On January 10, 2020, the Estate filed a designation of expert witness and the expert's report as required under Iowa Code section 668.11 and Iowa Rule of Civil Procedure 1.508. The expert was deposed in May.

In October, Mercy filed a motion for summary judgment seeking dismissal of the Estate's case for failure to file a certificate of merit affidavit as required by section 147.140.[1] The district court granted the summary judgment motion and dismissed the Estate's petition.

---

[1] A certificate of merit affidavit in compliance with section 147.140(1)(a)—which is an "affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care" and must be served "within

The Estate appeals, asserting a certificate of merit was not necessary as the opinions asserted were not based on professional skills, are outside the scope of section 147.140, and the standard of care was so obvious an expert opinion was not required.

**II. Standard of Review.**

> We review the grant of summary judgment for correction of errors at law. The grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Rieder v. Segal*, 959 N.W.2d 423, 425–26 (Iowa 2021) (internal citations omitted). "[T]he nonmoving party may not rely on mere allegations in the pleadings but must set forth specific facts showing a genuine issue for trial." *Susie v. Family Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336–37 (Iowa 2020) (citations omitted). "We view the facts in the light most favorable to the nonmoving party." *Id.* at 337.

**III. Analysis.**

For personal injury claims against a healthcare provider arising after July 1, 2017, plaintiffs pursuing medical malpractice actions are required to serve a certificate of merit affidavit signed by a qualified expert. *See* Iowa Code § 147.140(1)(a). "Section 147.140 gives the defending health professional a chance to arrest a baseless action early in the process if a qualified expert does not certify that the defendant breached the standard of care." *McHugh v. Smith*,

---

sixty days of the defendant's answer"—would have been due on September 2, 2019, if required.

966 N.W.2d 285, 289–90 (Iowa Ct. App. 2021). More, "[b]y enacting section 147.140, layered over the existing mandates of section 668.11, the legislature placed higher demands on medical malpractice plaintiffs. The new legislation imposes two extra burdens: (1) provide verified information about the medical malpractice allegations to the defendants *and* (2) do so earlier in the litigation." *Id.* at 290.

The district court here observed, the certificate "weed[s] out frivolous cases early in the proceedings." The court broke down the statutory requirements for the circumstances when a certificate of merit must be filed:

(1) an "action for personal injury or wrongful death,"
(2) "against a health care provider,"
(3) which action is "based upon the alleged negligence in the practice of that profession or occupation or in patient care," and
(4) which action "includes a cause of action for which expert testimony is necessary to establish a prima facie case."

Iowa Code § 147.140(1)(a). "Failure to substantially comply with [the certificate of merit requirements] shall result, upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." *Id.* § 147.140(6). A prima facie case of medical malpractice requires a plaintiff show evidence "which establishes the applicable standard of care, demonstrate this standard has been violated, and develop a causal relationship between the violation and the alleged harm." *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 165 (Iowa 1992).

On appeal, the Estate asserts the section does not apply in this case. The Estate focuses on the fourth element and whether expert testimony was necessary

to establish a prima facie case.[2]  "The test for determining if expert testimony is required is whether, when the primary facts are accurately and intelligently described, the jurors are as capable of comprehending the primary facts and drawing correct conclusions from them as an expert."  *Schmitt v. Floyd Valley Healthcare*, No. 20-0985, 2021 WL 3077022, at *1 (Iowa Ct. App. July 21, 2021).

During a discovery deposition, the plaintiff's designated expert expressed opinions regarding the standard of care on IV placement and removal, causation of and fault for Knop's injuries, and stated that the extent of the injury would not have occurred if the standard of care had been met in placing the IV.  The district court observed the expert's explanation of the seriousness of the injury resulting from an IV becoming entangled and pulled out was "clearly beyond the normal understanding of a layperson as appears to be acknowledged by the [Estate] in light of their designation of an expert on this issue."

The Estate's own designation of an expert witness in compliance with Iowa Code section 668.11 described the expected expert testimony as: "the medical care and treatment of . . . Knop and the standard of care provided during his care which resulted in his injury.  That the defendant violated the standard of care and therefore caused injury to . . . Knop."  In other words, the Estate designated an expert to discuss the standard of care and how it was violated—contradicting its current claim no expert testimony is necessary on the issue.

---

[2] "[A]ny claim for negligence in patient care requires the certificate of merit, as long as expert testimony is required to prove up the claim."  *Struck v. Mercy Health Servs. Iowa Corp.*, __ N.W.2d __, ___ n.6, 2021 WL 11194011, at *4 n.6 (Iowa 2022).

Given the extent of the injury to Knop and the explanation described in the expert's evidence, expert testimony was required concerning the causation link between the alleged breach in the standard of care and the injury actually sustained. In particular, we do not think a normal layperson would understand how the standard of care would differ for a fragile patient and how the negligence alleged would result in this particular injury without expert testimony. *See Struck*, __ N.W.2d at ___, 2021 WL 1194011, at *7 (noting whether a patient "was improperly medicated and supervised in light of her condition without measures to better monitor or restrain her is beyond the understanding of ordinary jurors"). Expert testimony was necessary to establish the Estate's prima facie case of medical negligence. The district court properly applied the law in determining the Estate was required to file a certificate of merit affidavit under section 147.140, and dismissal was appropriate in the absence of such an affidavit.

**AFFIRMED.**